
06cv4879
DWF/AJB

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lyon Financial Services, Inc., a Minnesota corporation, d/b/a U.S. Bancorp Business Equipment Finance Group with its principal offices in Marshall, Minnesota,<br><br>                    Plaintiff,<br><br>vs.<br><br>Pacific Coast Mortgage, Inc., Robert Feidler and Gene Pastorino, jointly and severally,<br><br>                    Defendants. | CT. FILE NO.: NEW FILING<br><br>ANSWER AND COUNTERCLAIM OF DEFENDANT PACIFIC COAST MORTGAGE, INC.<br><br>(JURY TRIAL DEMANDED) |

Defendant Pacific Coast Mortgage, Inc., for its answer to plaintiff's complaint, states and alleges as follows:

1. Except as hereinafter admitted, qualified or otherwise stated, denies each and every allegation in the complaint.

2. Admits the allegations in paragraphs 1 and 2 of plaintiff's complaint.

3. Denies the allegations set forth in paragraphs 3 through 8 of plaintiff's complaint.

4. In response to the allegations set forth in paragraph 9 of plaintiff's complaint, this answering defendant states that the Lease, as defined in the complaint, speaks for itself. This answering defendant further states that it is without sufficient

**SCANNED**
DEC 13 2006
U.S. DISTRICT COURT MPLS

knowledge or information to admit or deny the allegations contained in the remainder of paragraph 9 and therefore deny the same and put plaintiff to its strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state claims upon which relief may be granted against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

The purported Lease Agreement is void and unenforceable.

### THIRD AFFIRMATIVE DEFENSE

The purported Lease Agreement is void for failure of consideration.

### FOURTH AFFIRMATIVE DEFENSE

The purported Lease Agreement is void as a result of plaintiff's bad faith conduct by failing to deliver or account for all of the equipment purportedly delivered pursuant to the Lease.

### FIFTH AFFIRMATIVE DEFENSE

The purported Lease Agreement is void as a result of this answering defendant's revocation of acceptance.

### SIXTH AFFIRMATIVE DEFENSE

The purported Lease Agreement is void, or plaintiff's claims are reduced or eliminated, as a result of plaintiff's failure to mitigate its damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has overstated its damages.

### EIGHTH AFFIRMATIVE DEFENSE

The purported Lease Agreement is void as unconscionable.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join a party necessary to the proper adjudication of its claims.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against this defendant may be barred by any or all of the affirmative defenses contemplated by the Federal Rules of Civil Procedure. The extent to which plaintiff's claims may be barred by one or more of said affirmative defenses, which are not specifically set forth above, cannot be determined until the defendant has had an opportunity to complete discovery. Therefore, defendant hereby incorporates all of said affirmative defenses as if fully set forth herein. Further, defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

### COUNTERCLAIMS

### COUNT ONE

### (Breach of Contract)

1. For its counterclaims against plaintiff, this answering defendant realleges and incorporates by reference the allegations asserted in its answer to plaintiff's complaint as though fully set forth herein.

2. Plaintiff failed to deliver the copiers identified in the Lease Agreement.

3. Plaintiff's failure to deliver the referenced equipment constituted a material breach of the Lease Agreement.

4. As a result of plaintiff's material breaches of the Lease Agreement, this answering defendant has suffered damages in an undetermined amount but believed to be in excess of $50,000.

## COUNT TWO

### (Reformation)

5. This answering defendant realleges and incorporates by reference the previous allegations as if fully set forth herein.

6. Plaintiff's failure to deliver all of the equipment as provided in the Lease Agreement, if not a breach of the Lease Agreement, was a mistake.

7. The acceptance of delivery of equipment not delivered, signed by one of these answering defendants, was also a mistake.

8. The parties' mutual mistakes justify reformation of the Lease Agreement to reflect the two copiers delivered at inception of the Lease Agreement and warrants adjustment of the lease payments pursuant to the Lease Agreement.

**WHEREFORE**, defendant Pacific Coast Mortage, Inc. prays for judgment of the court as follows:

1. Dismissing plaintiff's claims against this answering defendant, with prejudice and on the merits;

2.    Awarding this answering defendant its costs and disbursements incurred in defense of plaintiff's complaint, including reasonable attorney's fees;

3.    Reforming the Lease Agreement accounting for the parties' mutual mistake; and

4.    Granting such other and further relief as the court may deem just and equitable.

**TRIAL BY JURY IS HEREBY DEMANDED.**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby demand trial by jury, composed of a maximum number of jurors allowed by law, on all of the issues in this case on which a jury trial is available under applicable law.

Dated: December 13, 2006

MEAGHER & GEER, P.L.L.P.

*/s/ Karl J. Yeager*

Karl J. Yeager (#179115)
Charles E. Jones (#202708)
Meagher & Geer P.L.L.P
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
Telephone: (612) 338-0661

1395157

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lyon Financial Services, Inc., a Minnesota corporation, d/b/a U.S. Bancorp Business Equipment Finance Group with its principal offices in Marshall, Minnesota,<br><br>Plaintiffs,<br><br>vs.<br><br>Pacific Coast Mortgage, Inc., Robert Feidler and Gene Pastorino, jointly and severally,<br><br>Defendants. | Court File No.: New Filing<br><br><br><br><br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on December 13, 2006, I, Charles E. Jones, filed the following documents with the United States District Court Clerk of Court via U.S. Mail:

1. Answer and Counterclaim of Defendant Pacific Coast Mortgage, Inc.

The Court's ECF system will automatically serve an electronic notice of the filing to the following users of ECF:

Karl Yeager, Esq.
Charles E. Jones, Esq.
MEAGHER & GEER, P.L.L.P.
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402-3788
(612) 338-0661

I further certify that I caused a copy of the foregoing documents to be mailed by first class mail, postage paid, to the following non-ECF participants:

Kevin K. Stroup, Esq.
STONEBERG, GILES & STROUP
300 O'Connell Street
Marshall, MN 56258

Dated: Dec 13, 2006

*(signature)*

Karl Yeager, Esq.
Charles E. Jones, Esq.
MEAGHER & GEER, P.L.L.P.
33 South Sixth Street
Suite 4400
Minneapolis, MN 55402-3788
(612) 338-0661

*Attorneys for Defendants*

1397051



33 SOUTH SIXTH STREET, SUITE 4400
MINNEAPOLIS, MINNESOTA 55402
TELEPHONE: (612) 338-0661
FACSIMILE: (612) 338-8384
WWW.MEAGHER.COM

**DIRECT DIAL: 612-347-9140**
**EMAIL: cjones@meagher.com**

December 13, 2006

## VIA MESSENGER

Clerk of U.S. District Court
United States District Court
Suite 300
300 South Fourth Street
Minneapolis, MN 55415

      RE:    Lyon Financial Services, Inc. vs. Pacific Coat Mortgage, Inc., et al.
              Court File No.  New Filing

Dear Clerk of Court:

      Enclosed for filing, please find the Answer and Counterclaim of Defendant Pacific Coast Mortgage, Inc.

      Thank you.

                                  Very truly yours,

                                  Charles E. Jones

Enc.

cc:    Kevin G. Stroup, Esq.
        Karl Yeager, Esq.
        Robert Feidler
        Gene Pastorino

CEJ/olf/