IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

Lyon Financial Services, Inc., a
Minnesota corporation, d/b/a U.S.
Bancorp Business Equipment Finance
Group with its principal offices in
Marshall, Minnesota,
                Plaintiff,

vs.

Pacific Coast Mortgage, Inc., Robert
Feidler and Gene Pastorino, jointly and
severally,
                Defendants.

Court File No.: 0:06-cv-04879 DWF/AJB

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT**

**ORAL ARGUMENT REQUESTED**

---

## PRELIMINARY STATEMENT

This memorandum of law is offered in support of Plaintiff's motion for summary judgment. Lyon Financial Services, Inc., doing business as US Bancorp Business Equipment Finance Group (hereinafter "**LYON**"), is a Minnesota corporation engaged in the business of equipment lease financing. After selecting certain office equipment from a supplier, Defendants then entered into a lease agreement with Lyon in order to fund the equipment acquisition. See Affidavit of Jessica Welsh. A copy of the lease agreement is submitted herewith as Exhibit A to the Affidavit of Welsh.

Defendants executed an Acceptance of Delivery clause on the face of the lease agreement by which the promises made in the lease became "irrevocable and unconditional in all respects." See Exhibit A to Affidavit of Jessica Welsh, page 1. The Acceptance of Delivery also indicates that Defendants received the equipment. Id. Plaintiff relied upon the execution of the Acceptance of Delivery in its decision to fund

the lease. Id.; see also Affidavit of Welsh. Upon execution of this clause, Defendants irrevocable promised to make all payments as they came due on the lease. See Exhibit "A" to Affidavit of Welsh, page 1, "Acceptance of Delivery"; page 2, paragraphs 1, 5 and 12.

Defendants defaulted on the Lease Agreement by failing to make payments as required, and Plaintiff brought this suit to enforce its rights under the lease agreement. Due to Defendants' default, Plaintiff is entitled to damages calculated pursuant to terms of the lease, as well as its costs and attorney fees. See Exhibit A to Affidavit of Welsh, page 2, paragraph 12.

## ISSUES

I. **PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT DUE TO THE VALID AND ENFORCEABLE LEASE AGREEMENT**

II. **PLAINTIFF IS ENTITLED TO ITS COSTS AND ATTORNEY FEES**

## DOCUMENTS UPON WHICH THIS MEMORANDUM OF LAW IS BASED

**Affidavit of Jessica Welsh.**

**Exhibit A to Affidavit of Jessica Welsh: Flex Lease Agreement 137787**

## ARGUMENT

### I. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT DUE TO THE VALID AND ENFORCEABLE LEASE AGREEMENT

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Enterprise Bank v. Magna Bank of Missouri, 92 F.3d 743, 747 (8th Cir. 1996). The Court must view the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Id. However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2555, 91 L. Ed. 2d 265 (1986) (internal citations omitted).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Enterprise Bank, 92 F.3d at 747. The nonmoving party must then demonstrate the existence of specific facts in the record which create a genuine issue for trial. Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986); Krenik, 47 F.3d at 957.

Plaintiff and Defendants entered into an agreement under which Defendants selected certain equipment from a supplier, and turned to Plaintiff for funding of this purchase. See Affidavit of Jessica Welsh. This is, by its nature, a finance lease. Minn. Stat. § 336.2A-103(g). Under a finance lease, the obligation to pay is irrevocable and unconditional. Minn. Stat. § 336.2A-407.

Defendants have claimed that 1 of the 3 pieces of equipment was not delivered. The facts do not support this allegation. Defendants themselves expressly acknowledged receipt of the equipment. See Exhibit "A" to Affidavit of Welsh, page 1. They cannot defeat this fact with their mere allegation of nondelivery. See Anderson, 477 US at 256.

Even if Defendants had not received the equipment (a point that is NOT conceded), lack of delivery does not excuse Defendants' obligation to make payments to Plaintiff. The lease agreement specifically provides:

> YOU AGREE THAT YOU HAVE SELECTED THE SUPPLIER AND EACH ITEM OF EQUIPMENT BASED UPON YOUR OWN JUDGMENT AND DISCLAIM ANY RELIANCE UPON ANY STATEMENTS OR REPRESENTATIONS MADE BY US OR ANY SUPPLIER. WE DO NOT TAKE RESPONSIBILITY FOR THE INSTALLATION OR PERFORMANCE OF THE EQUIPMENT. THE SUPPLIER IS NOT AN AGENT OF OURS AND NOTHING THE SUPPLIER STATES CAN AFFECT YOUR OBLIGATION UNDER THE AGREEMENT. YOU WILL CONTINUE TO MAKE ALL PAYMENTS UNDER THIS AGREEMENT REGARDLESS OF ANY CLAIM OR COMPLAINT AGAINST THE SUPPLIER OR THE EQUIPMENT.

Exhibit A to Affidavit of Welsh, page 2, paragraph 5. Given the express terms of the agreement between the parties, any complaint that Defendants may have regarding the supplier's alleged failure to deliver the equipment does not excuse its obligation to make the lease payments to Plaintiff. The parties entered into a finance lease agreement and

there is no responsibility on the part of the lessor for the conduct of the supplier. Exhibit A, page 2, paragraph 5; Minn. Stat. § 336.2A-407; St. Paul Leasing Co. v. Winkel's, Inc., 244 NW2d 661, 663 (Minn. 1976); Agristor Leasing v. Kjergaard, 1985 WL 403 *5 (D. Minn. 1985)(unpublished decision, a copy of which is submitted herewith as Exhibit "C" to the Affidavit of Kevin Stroup); Hinkel Excavation & Construction, Inc. v. Construction Equipment International, Ltd., 2001 WL 34008497 *6 (N.D. Iowa 2001)(unpublished decision, a copy of which is submitted herewith as Exhibit "D" to the Affidavit of Stroup); Colonial Pacific Leasing Corp. v. Datronic Rental Corp., 486 SE2d 804, 809 (Ga. 1997).

In St. Paul Leasing Co. vs. Winkel's, Inc., 244 N.W.2d at 662-663 (Minn. 1976), the Minnesota Supreme Court affirmed summary judgment in favor of a lessor with essentially the same warranty disclaimer language in its contract as at issue here, and indicated lessee's claim must be addressed solely with the vendor. The "hell or high water" provisions entitle the lessor to payment regardless – just as a bank on a secured loan. This is appropriate since the finance lessor has nothing to do with the equipment or the selection of the equipment by the Lessee and such protection is essential to the finance leasing industry. St. Paul Leasing was cited by the U.S. District Court for Minnesota in AgriStor Leasing vs. Hansen, 1985 WL 6073 (D.Minn. 1985)(unpublished decision, a copy of which is submitted herewith as Exhibit "E" to the Affidavit of Stroup). The court granted the lessor summary judgment on lessee's claim of breach of warranty and agency because the lessor had nothing to do with the selection of the equipment and no evidence existed of agency other than Lessor's lease documents were

provided to lessee by the vendor. Id at *8. See also, In re OPM Leasing Services, Inc., 21 BR 993, 1007 (Bankr. SDNY 1981)(Despite fraudulent Vendor – Lessee still obligated to pay). See also, Leasetec Corporation vs. Orient Systems, 85 F. Supp. 2d 1310 (S.D. Fla. 1999). (Despite vendor fraud and claim of lack of consideration, lessee payment obligation remains.) Such clauses are essential to the equipment leasing industry. To deny their effect would seriously chill business in the leasing industry because it is by means of such clauses that a prospective financier-assignee of rental agreements is guaranteed meaningful security for providing funding to the lessee. O.P.M., 21 B.R. at 1007. The Minnesota Legislature has acknowledged such by enacting Article 2A, which includes statutory approval of "hell and high water" terms.

In Colorado Interstate Corp vs. CIT Group, 775 F. Supp. 369 (D. Colo. 1991) aff'd 993 F2d 743 (10th Cir. 1993), the court ruled that a "hell or high water" clause meant that the lessee agreed to pay the lessor despite any claim against the supplier and the lessee's sole remedy was against the supplier. The lessor's right to payment was "absolute and unconditional", despite the fact the supplier had gone bankrupt. "Hell or High Water" provisions are regularly enforced, even if the equipment is never delivered by the supplier. See Hinkel, 2001 WL 34008497 *7; see also Stewart v. United States Leasing Corp., 702 SW2d 288, 290 (Tex. Ct. App. 1985).

The terms of the lease agreement are clear. Defendants were to make the lease payments as required and have failed to do so. All of the equipment was delivered to Defendants. Even if it was not, Plaintiff has no responsibility or liability regarding the alleged failure of the supplier to deliver the equipment. Defendants are in default.

Based upon these undisputed facts and the clear provisions in the lease agreements – summary judgment should be entered in favor of Plaintiff.

## II. PLAINTIFF IS ENTITLED TO INTEREST, ITS ATTORNEY'S FEES AND COSTS INCURRED IN CONNECTION WITH THIS ACTION.

The lease agreement provides that in the event of default Plaintiff "may recover interest on any unpaid balance at the rate of 8% per annum." See Exhibit A to Affidavit of Jessica Welsh, page 2, paragraph 12. Since Defendants are clearly in default, Plaintiff is entitled to interest on the unpaid balance pursuant to the contract terms. Minn. Stat. § 549.09. The parties may also legally contract for the payment of attorney's fees. Midway Nat'l Bank v. Gustafson, 165 N.W.2d 218, 224 (Minn. 1968); Busse v. Board of County Commissioners, Sibley Co., 241 N.W.2d 794, 798 (Minn. 1976). Defendants, by executing the lease agreement, agreed to pay costs and attorney's fees incurred by Plaintiff in collecting the unpaid lease balances. See Exhibit A to Affidavit of Welsh, page 2, paragraph 12. Upon execution of the Acceptance of Delivery, that promise became irrevocable pursuant to Minn. Stat. § 336.2A-407. Accordingly, an award of attorney's fees, costs and disbursements is appropriate in this matter.

## CONCLUSION

Defendants entered into a finance lease agreement with Plaintiff and executed an Acceptance of Delivery for that lease. Pursuant to the specific terms of the lease agreement, Defendants' obligation to make payments as scheduled in the lease is irrevocable and unconditional. All of the equipment was delivered to Defendants; even if it was not, Defendants remain obligated to make the payments required under the

finance lease agreement. Defendants are in default due to their failure to make payments on the lease agreement. Therefore, Plaintiff respectfully requests entry of Judgment against Defendants in the amount of $106,250.38, plus interest on said amount accruing pursuant to the lease agreements, along with its reasonable attorney's fees, costs and disbursements.

Dated this 10th day of July, 2007.      STONEBERG, GILES & STROUP, P.A.

By:   /s/ Kevin K. Stroup
     Kevin K. Stroup   (#170094)
300 O'Connell Street
Marshall MN 56258
Telephone: (507) 537-0591
Attorneys for Plaintiff.