IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

Lyon Financial Services, Inc., a Minnesota corporation, d/b/a U.S. Bancorp Business Equipment Finance Group with its principal offices in Marshall, Minnesota,

Plaintiff,

v.

Pacific Coast Mortgage, Inc., Robert Feidler and Gene Pastorino, jointly and severally,

Defendants.

Court File No.: 0:06-CV-04879 DWF/AJB

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

## INTRODUCTION

Plaintiff's Complaint alleges that defendants executed a "Flex Lease Agreement" dated July 3, 2003. Defendants' Answer denies essentially all of plaintiff's material allegations. Nevertheless, without conducting any discovery, plaintiff has now chosen to move for summary judgment. Because material facts are at issue regarding defendants' execution of the lease, whether plaintiff provided the equipment specified in the lease, and whether defendant Pacific Coast Mortgage is bound by the lease even if it was executed by defendants Feidler and Pastorino, summary judgment cannot and should not be entered.

## FACTS

Plaintiff's motion for summary judgment alleges only the most cursory facts. Without providing any evidence except an Affidavit of Jessica Welsh, plaintiff claims "Defendant entered into a lease agreement with Lyon . . ." (Pltf's Memo, p. 1.) However, plaintiff has not authenticated the purported signatures of defendants Feidler and Pastorino on the lease document. The Welsh Affidavit provides no foundation for or authentication of those signatures. Ms. Welsh does not aver that she has personal knowledge of the signatures on the lease and alleged accompanying guarantee. Moreover, plaintiff has not provided any evidence that Pacific Coast Mortgage is or can be bound by the purported signatures of Feidler and Pastorino.

For its part, Pacific Coast Mortgage can demonstrate that it should not be bound by the alleged signatures of Feidler and Pastorino. As demonstrated in the accompanying Declaration of Zachary Arnold, President of Pacific Coast Mortgage, persons it employs are specifically prohibited from entering into contracts of any kind. The Handbook for Branch Managers states:

> No contractual authority whatsoever is granted to a branch manager.
>
> * * *
>
> A branch manager has no authority whatsoever to bind Pacific Coast Mortgage, Inc. contractually. • All branch leases, purchases or liabilities in excess of $500 must be reviewed by the President."

(Decl. of Zachary Arnold, Exh. A, Parts 4 and 5.) The subject lease, which (if the purported signatures are authentic and valid) is clearly a contract and calls for a liability

in excess of $500, was never reviewed by Arnold, Pacific's President. (Arnold Decl., ¶ 8.)

Further, plaintiff has presented no evidence – indeed, has made no attempt even to gather any evidence – to suggest that Pastorino and/or Feidler somehow had apparent authority to bind Pacific Coast Mortgage. There were no other contracts between the parties, no other dealings or communications between the parties, and – in short – no basis for plaintiff to conclude that Feidler and Pastorino had apparent authority.

## ARGUMENT

This Court should deny plaintiff's motion for summary judgment.

### I. Plaintiff Has Failed To Establish Its Initial Showing Under Fed. R. Civ. P. 56.

Fed. R. Civ. P. 56(c) states that judgment "shall be rendered" if the moving party shows that:

> [t]he pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Here, there are no "depositions, answers to interrogatories and admissions on file." Thus, under the plain language of the Rule, this Court is left to consider whether the pleadings and the affidavits show that there is no genuine issue as to any material fact. Only a cursory review is required to determine that these materials do not provide such a showing.

The threshold issues in this case include whether Feidler and Pastorino signed the alleged lease and whether, if they did, their signatures bind Pacific Coast Mortgage. The

only allegations in plaintiff's Complaint concerning the lease is the following conclusory statement:

> That at all times relevant herein a contractual relationship existed between Plaintiffs and Defendants, jointly and severally, pursuant to, but not limited to, the following:
>
> a) Flex Lease Agreement dated on or about June 26, 2003, a copy of which is attached hereto and made a part hereof as Exhibit "A".

(Compl, ¶ 3.) Defendants' Answer denies this paragraph. The only affidavit on file is that of Ms. Welsh, who does not (and seemingly could not) provide any factual support for the allegation regarding the agreement of "defendants" to the alleged lease. Plaintiff chose not to do any discovery to inquire into the bases of or reasons for defendants' denial of this paragraph in the Complaint.

In short, the material presented by plaintiff to the Court is completely insufficient to support judgment in plaintiff's favor. A party should not be permitted to file a complaint, ignore the defendants' denials, then proceed to summary judgment and expect the court to summarily enter judgment for that party. Here, plaintiff erroneously expects this Court simply to award it $106,250 plus interest based on nothing more than the Complaint's allegations, and despite defendants' good-faith denials of plaintiff's conclusory allegation. Based on the scant record before it, this Court should deny plaintiff's motion for summary judgment.

## II. Pastorino And Feidler Lacked Authority To Bind Pacific Coast To The Alleged Lease.

Even if this Court somehow were to credit plaintiff's mere allegations as they apply to defendants Pastorino and Feidler, it should not credit those mere allegations as they apply to Pacific Coast Mortgage. Once again, plaintiff has provided no evidence that either Pastorino or Feidler could bind Pacific Coast Mortgage. And Pacific Coast Mortgage has submitted specific information to show that they completely lacked any authority to bind it. Accordingly, this Court should, at minimum, deny plaintiff's motion with respect to Pacific Coast Mortgage.

### A. Pastorino and Feidler Lacked Actual Authority.

The record before this Court is clear: Neither Pastorino nor Feidler possessed the actual authority to bind Pacific Coast Mortgage. The terms of Pastorino's employment contract specifically prevented him from entering into contracts, and specifically leases, for more than $500. And Feidler had even less authority than Pastorino. Accordingly, even if plaintiff somehow establishes that Pastorino and Feidler did sign the alleged lease, it cannot show that they had authority to do so on behalf of Pacific Coast Mortgage. Accordingly, this Court should decline to enter judgment against Pacific Coast Mortgage.

### B. Pastorino and Feidler Lacked Apparent Authority.

The record before this Court again is clear: Neither Pastorino nor Feidler possessed any apparent authority to bind Pacific Coast Mortgage.

Apparent authority applies only if a principal holds an agent out as possessing an authority or knowingly permits an agent to act on its behalf. *Foley v. Allard*, 427 N.W.2d

647, 652 (Minn. 1988). "'[T]he party dealing with the agent must have actual knowledge that the agent was held out by the principal as having such authority or had been permitted by the principal to act on its behalf; and the proof of the agent's authority must be found in the conduct of the principal, not the agent.'" *Id.* (quoting *Hockemeyer v. Pooler*, 268 Minn. 551, 562, 130 N.W.2d 367, 375 (1964)). Additionally, apparent authority is created by "'written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him.'" *American Parkinson Disease Ass'n, Inc. v. First Nat'l Bank*, 584 N.W.2d 437, 440 (Minn. App. 1998) (quoting *Duluth Herald & News Trib. v. Plymouth Optical Co.*, 286 Minn. 495, 498, 176 N.W.2d 552, 555 (1970) (quotation omitted)).

The elements of apparent authority include:

1) A manifestation by the principal that another is the principal's agent;

2) The person who deals with the supposed agent must know of these manifestations at the time of dealing;

3) The manifestation of apparent authority must be by the principal's actions, not the agent's (actions).

*Lyman Lumber Co. v. Three Rivers Co.*, 400 N.W.2d 811, 813 (Minn. Ct. App. 1987) (citations omitted). Apparent authority may also be established where an agent regularly exercises a power not expressly given to it by the principal, but the principal is aware of the agent's conduct and tacitly allows it to continue. *Id.* (citations omitted). Stated another way, "[a]pparent or ostensible authority is not actual authority but is that authority which the principal holds the agent out as possessing or knowingly permits the

agent to assume." *Hornblower and Weeks-Hemphill Noyes v. Lazere*, 301 Minn. 462, 470-471, 222 N.W.2d 799, 805 (1974) (citations omitted).

Here, the materials on file show none of the elements of demonstrating apparent authority. Plaintiff has put nothing before this Court to show that Pacific Coast Mortgage engaged in any actions to show that Pastorino or Feidler was its agent or that plaintiff knew of such actions, or that Pacific Coast Mortgage regularly allowed Pastorino or Feidler to exceed the scope of their actual authority. To the contrary, the Declaration of Zachary Arnold establishes that Pacific Coast Mortgage did none of these things.

Thus, this Court should find that there is no basis to conclude that Pastorino or Feidler had apparent authority on behalf of Pacific Coast Mortgage and should deny the motion for summary judgment.

## CONCLUSION

For all the above reasons, this Court should deny plaintiff's motion for summary judgment.

Dated: 08/31/07

s/Charles E. Jones
Karl J. Yeager (#179115)
Charles E. Jones (202708)
**MEAGHER & GEER, PLLP**
33 South Sixth Street
Suite 4400
Minneapolis, MN 55402
(612) 338-0661

***Attorneys for Defendants***

1463564.3